## WATKINS v JACKSON

Ohio Appeals, 4th Dist, Ross Co
Decided July 22, 1931

J. P. Phillips, Jr., Chillicothe, for Watkins.

H. G. Hightower, Cincinnati, and W. C. Hyade, Chillicothe, for Jackson.

MAUCK, PJ.

It is, we think, apparent that Watkins might have held the sedans two days longer and that his surrender of the machines at the time he did constituted a consideration for Jackson's promise. It can not be said that the promise to extend was without consideration for the reasonable inference is that it was an extension for the benefit of all parties, contracted upon the express or implied agreement of Watkins to carry on the agency and to attempt to sell the sedans in question to third parties, which would inure to the advantage of all parties.

We think that there is another element of consideration that is present in the case. The agency contract confined Watkins to sales within Ross County, and by a supplementary contract dated July 1, 1919, and evidently made immediately after the agency contract of the same date, it was agreed that Watkins should be charged $75 for each car sold out of his territory. A fair implication is that a like sum should be charged against any one invading Watkins' territory for the benefit of Watkins, and the evidence tends to show that there was one instance of such invasion of Watkins' territory and that he had a claim at

least of $75. As this claim was an incident of the sales agency, and as the sales agency contract was cancelled at the time the contract sued upon was entered into, a fair construction of the engagement of the parties is that Watkins surrendered by the cancellation of the contract his right to assert his claim for the $75 which he thought himself entitled to by reason of the sale of another Oakland by some outside party in Ross County.

The defendant has all along contended that the transaction between the Cincinnati Oakland Motor Company and Watkins, by which the sedans were delivered to Watkins, constituted a conditional sale of the sedans under such terms that the amount paid by Watkins thereon was forfeited to the vendor upon Watkins' failure to complete the deal by paying the balance of the agreed price. The record does not develop any such case, as we have pointed out. The sales agency contract between the Motor Company and Watkins indicated that Watkins had paid $250 to the motor company as security for any indebtedness that might accrue, which was to be returned to Watkins upon the termination of the contract. When Watkins accepted the trade acceptance for the balance of the purchase price that acceptance was immediately transferred by the Cincinnati Motor Company to the General Motors Acceptance Corporation. This latter corporation then made the agreement with Watkins, evidenced by what is called a trust receipt signed by Watkins, indicating that he was holding the sedans for storage as the property not of the Cincinnati Motor Company but of the General Motors Acceptance Corporation.

Much difficulty has been experienced in classifying these trust receipts. The courts have looked upon them variously as conditional sales, chattel mortgages, pledges, bailments and what not. Whatever this particular trust receipt may be said to be, it was an engagement between the General Motors Acceptance Corporation and Watkins. Now, under this trust receipt Watkins had possession of the sedans. The title to the sedans remained in the General Motors Acceptance Corporation with the privilege of purchase by Watkins. When the contract sued upon was made the Cincinnati Oakland Motor Company had no apparent right to the possession of the sedans. It was under these circumstances that Watkins agreed to surrender possession to the Cincinnati Oakland Motor Company, a concern not entitled to the possession of them under the trust receipt. Clearly, a transfer of possession to one not entitled to such possession was sufficient consideration to support the contract sued upon.

For these reasons the trial court erred in refusing to submit the case to a jury.

The judgment is reversed and the case is remanded for new trial.

MIDDLETON, J, concurs.

BLOSSER, J, not participating.